# EXHIBIT A



1   Edward J. Wynne (165819)
    ewynne@wynnelawfirm.com
2   WYNNE LAW FIRM
    100 Drakes Landing Road, Ste. 275
3   Greenbrae, CA 94904
    Telephone: (415) 461-6400
4   Facsimile: (415) 461-3900

5

6   David S. Markun (108067)
    dmarkun@mzclaw.com
7   Jeffrey K. Compton (142969)
    jcompton@mzclaw.com
8   MARKUN ZUSMAN FRENIERE &
    COMPTON LLP
9   17383 Sunset Boulevard, Suite A380
    Pacific Palisades, California 90272
10  Telephone: (310) 454-5900
    Facsimile: (310) 454-5970

11
    Attorneys for Plaintiff VLAD TSYN,
12  individually and on behalf of all others
    similarly situated
13

James F. Clapp (145814)
jclapp@sdlaw.com
DOSTART CLAPP & COVENEY, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, California  92122-1253
Tel:  858-623-4200
Fax:  858-623-4299

**FILED**

MAR 2 8 2014

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
*By: E. Chais, Deputy*

14          SUPERIOR COURT OF THE STATE OF CALIFORNIA

15              IN AND FOR THE COUNTY OF MARIN

16  VLAD TSYN, individually and on behalf of all    Case No. CIV **1 4 0 1 2 0 0**
    others similarly situated,
17                                                  **CLASS ACTION COMPLAINT FOR:**
18                      Plaintiff,
    v.                                              1.  California Bus. & Prof. Code § 17200
19                                                  2.  29 U.S.C. § 201
    WELLS FARGO ADVISORS, LLC,                      3.  California Bus. & Prof. Code § 17200
20                                                  4.  California Labor Code § 1194
                        Defendant.                  5.  California Bus. & Prof. Code § 17200
21                                                  6.  California Labor Code § 2802
22                                                  7.  California Labor Code § 203

23

24

25

26

27

28

**INTRODUCTION**

1.      Plaintiff VLAD TSYN ("Plaintiff"), by and through his attorneys, makes the following allegations upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters.

2.      Plaintiff brings this lawsuit as a California class action pursuant to California Code of Civil Procedure § 382 on behalf of current and former employees of Defendant Wells Fargo Advisors, LLC ("Wells Fargo" or "Defendant") employed as Financial Advisors, or the functional equivalent, however titled, who worked in California at any time within the last four years of the filing of this complaint and who suffered damages as a result of Defendants' violations of state and federal labor laws,

3.      Plaintiff also brings this action as a nationwide collective action pursuant to the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") on behalf of current and former employees of Defendant Wells Fargo Advisors, LLC ("Wells Fargo" or "Defendant") employed as Financial Advisors, or the functional equivalent, however titled, who worked in the United States of America at any time within the last three years of the filing of this complaint and who suffered damages as a result of Defendants' violations of the FLSA.

4.      Plaintiff seeks to represent all persons who were employed in the position of "Financial Advisor" or its functional equivalent (which position may include "Financial Consultant," "Securities Broker," "Stockbroker," "Investment Advisor," and/or "Investment Representative") (collectively referred to as "Financial Advisor") by Defendant in the State of California within the last four years and: (1) were not paid overtime as required by law; and/or (2) were subject to unlawful deductions from pay; and/or (3) were not reimbursed for reasonable and necessary business expenses; and/or (4) are entitled to waiting time or other penalties under California law.

5.      Plaintiff also brings this action as a Nationwide Collective Action on behalf of current and former Wells Fargo employees employed within the last three years who elect to opt-in to this action who were employed in the position of "Financial Advisor" by Defendant in the United States of America and: (1) were not paid overtime as required by law; and/or (2) were

1   subject to unlawful deductions from pay; and/or (3) were not reimbursed for reasonable and

2   necessary business expenses resulting in class members not receiving their wages free and clear

3   from unlawful deductions and not receiving their statutory overtime compensation in violation of

4   the FLSA.

5          6.      The classes that Plaintiff seeks to represent are:

6              A. California Class:

7              All individuals employed by Defendant as a Financial Advisor, or the
8              functional equivalent however titled, in California at any time within the
               last four years of the filing of this action until the case is certified as a class
9              action (the "Class Period").

10             B. Nationwide FLSA Class:

11             All individuals employed by Defendant as a Financial Advisor, or the
12             functional equivalent however titled, in the United States of America at any
               time within the last three years of the filing of this action until the case is
13             certified as a collective action (the "FLSA Class Period").

14
15         7.      As a result of Defendant's violation of state and federal labor law, Plaintiff and the

16   other members of the proposed classes were unlawfully under-compensated for their work and

17   damaged thereby.

18                                      **PARTIES**

19         8.      During the Class Period, Plaintiff VLAD TSYN was employed by Wells Fargo

20   Advisors, LLC as a Financial Advisor in the State of California and in this judicial district.

21         9.      For purposes of the California Collective Action, Plaintiff Tsyn consents in writing

22   to be a party to this action, pursuant to 29 U.S.C. § 216(b).

23         10.     During the Class Period, defendant Wells Fargo Advisors, LLC, was and is a

24   Delaware limited liability company that transacts business in this judicial district.

25                              **VENUE AND JURISDICTION**

26         11.     Venue is proper in this Court because a substantial part of the events or omissions

27   giving rise to Plaintiff's claims occurred in this judicial district.

28         12.     Jurisdiction is proper in this Court as the claims arise under state law and for those

                                            2

1  claims arising under federal law, this Court has concurrent subject matter jurisdiction per 29

2  U.S.C. § 216(b).

3  **CLASS ALLEGATIONS**

4      13.    Plaintiff brings this action on behalf of himself and on behalf of the proposed

5  class, pursuant to California Code of Civil Procedure § 382 and 29 U.S.C. § 216(b).

6      14.    Numerosity.  Plaintiff is informed and believes and thereon alleges that the

7  proposed classes are so numerous that joinder is impractical.

8      15.    Typicality and Adequacy.  There are questions of law and fact common to Plaintiff

9  and the other members of the proposed classes; and, therefore, Plaintiff is similarly situated to the

10  other members of the proposed classes and is an adequate representative of the proposed classes.

11  Plaintiff's claims are typical of the claims of the class members.  Plaintiff suffered similar injuries

12  as that suffered by the other class members as a result of Defendant's common policies and

13  practices regarding the payment of wages.  In addition, Plaintiff will fairly and adequately protect

14  the interests of the members of the class.  Plaintiff has no interest that is adverse to the interests of

15  the other class members.  Plaintiff has retained attorneys who are competent and experienced in

16  the prosecution of wage and hour class action litigation.

17      16.    Ascertainability.  The proposed classes are ascertainable in that their members can

18  be identified and located using information contained in Defendant's payroll and personnel

19  records.

20      17.    Commonality.  There are common questions of law and fact that predominate over

21  questions which may affect only individual members of the proposed classes, including but not

22  limited to, the following:

23          a.    whether the class members qualify for exempt status under the

24  commissioned salesperson exemption;

25          b.    whether the class members qualify for exempt status under the

26  administrative exemption;

27          c.    whether Defendant's business qualifies as a "retail or service

28  establishment";

1    d. Defendant's expectations as to the duties and responsibilities of the class

2 members, and whether these expectations are reasonable under the circumstances;

3    e. whether Defendant's policies and procedures for deducting from the

4 incentive pay or other wages was unlawful;

5    f. whether class members incurred business related expenses that were

6 reasonably necessary and whether Defendant had a policy and practice of not reimbursing class

7 members for such expenses;

8    g. whether Defendant's failure to pay all wages due and owing to class

9 members at time of termination was willful; and,

10    h. whether the members of the proposed classes have been damaged and, if

11 so, the extent of such damages and whether the members of the proposed classes are entitled to

12 penalties and, if so, the extent of such penalties.

13   18. <u>Superiority</u>.  A class/collective action is superior to other available means for the

14 fair and efficient adjudication of this controversy since individual joinder of all members of the

15 proposed classes is impractical.  Class action and collective action treatment will permit a large

16 number of similarly situated persons to prosecute their common claims in a single forum

17 simultaneously, efficiently, and without the unnecessary duplication of effort and expense that

18 numerous individual actions would engender.  Furthermore, as the damages suffered by each

19 individual member of the proposed classes may be relatively small, the expenses and burden of

20 individual litigation would make it difficult or impossible for individual members of the class to

21 redress the wrongs done to them while an important public interest will be served by addressing

22 the manner as a class action.  The cost to the court system of adjudication of such individualized

23 litigation would be substantial.  Individualized litigation would also present the potential for

24 inconsistent or contradictory judgments.

25    **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

26   19. Defendant sold and sells securities and other financial products with offices in the

27 State of California and in this judicial district.

28   20. Plaintiff and other Financial Advisors were primarily engaged in sales of financial

products to individuals.  Plaintiff and other Financial Advisors do not and did not perform work directly related to the management or general business operations of either Defendant or of Defendant's customers. Plaintiff and other Financial Advisors are required by Defendant to follow a specific set of internal compliance guidelines and therefore are closely supervised and do not customarily and regularly exercise independent judgment and discretion. Defendant paid Plaintiff and its other Financial Advisors on an incentive basis without any premium for overtime pay.  Plaintiff alleges on information and belief that Defendant did not pay Plaintiff and its Financial Advisors a guaranteed salary free from reduction due to the quantity or quality of the work but rather a recoverable draw against future commissions that failed to satisfy the salary basis test.

21.     Defendant has maintained policies and practices that required Financial Advisors to subsidize the pay of Defendant's sales assistants by requiring class members to divert a portion of their compensation to the sales assistants.

22.     Defendant has maintained policies and practices that required Financial Advisors to subsidize the pay of other employees within the Wells Fargo & Company corporate family by requiring class members to pay a portion of their compensation as referral fees to internally generated business even though the referrals are an integral part of the job function of other bank employees and even though selling financial products to the referrals is an integral part of the Financial Advisors' expected employment.  In effect, Defendant forces Financial Advisors to subsidize the compensation of certain employees within the Wells Fargo & Company corporate family and to sell financial products to customers referred from other employees all of which increases the profitability of the Defendant at the expense of the Financial Advisors.

23.     Defendant has maintained policies and/or practices that required Financial Advisors to pay the ordinary business expenses of Defendant.  For example, Financial Advisors were forced to bear the cost of trading errors or "broken trades," as well as such ordinary business expenses as cell phone charges and mileage without reimbursement by Defendant.

24.     Plaintiff and other formerly employed Financial Advisors were not timely and properly paid all of their wages at time of termination.  Plaintiff and other formerly employed

1  Financial Advisors did not absent or secret themselves from timely and properly receiving their

2  final wages at time of termination.

### FIRST CAUSE OF ACTION

#### Bus. & Prof. Code § 17200 *et seq.*

5      25.    Plaintiff incorporates the allegations contained in paragraphs 1-24.

6      26.    The FLSA states that an employee must be paid overtime, equal to 1.5 times the

7  employee's regular rate of pay, for all hours worked in excess of 40 per week.  Plaintiff and the

8  proposed class members are not "exempt" under the FLSA, because, *inter alia*, they did not and

9  do not perform work directly related to the management or general business operations of either

10  Defendant or of Defendant's customers, they are/were primarily engaged in sales and sales

11  related activities, they are/were not paid on a salary basis, and Defendant's business does not

12  qualify as a "retail or service establishment" under 29 U.S.C. § 207(i) and 29 C.F.R. §§ 779.316

13  and 779.317.

14      27.    Defendant has committed an act of unfair competition by not paying the required

15  overtime pay to Plaintiff and the members of the proposed class.

16      28.    Pursuant to California Business & Professions Code § 17203, Plaintiff requests an

17  order requiring Defendant to make restitution of all overtime wages due to him and the members

18  of the California Class in an amount to be proved at hearing.

### SECOND CAUSE OF ACTION

#### 29 U.S.C. § 201 *et seq.*

21      29.    Plaintiff incorporates the allegations contained in paragraphs 1-28.

22      30.    At all relevant times, Defendant has been, and continues to be, an employer

23  engaged in interstate commerce and/or the production of goods for commerce, within the

24  meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

25      31.    At all relevant times, Defendant employed, and/or continues to employ, Plaintiff

26  and each member of the class within the meaning of the FLSA.

27      32.    As alleged above, Defendant had a policy and practice of failing to properly pay

28  wages, free and clear and without reduction, to its Financial Advisors.  Defendant's failure to pay

1    overtime compensation and reduction in the wages of Plaintiff and the Nationwide FLSA Class

2    caused Plaintiff and the Class to be paid less than the statutory overtime compensation for all

3    hours worked.

4         33.     Defendant's failure to pay Plaintiff and all other members of the Nationwide

5    FLSA Class their wages free and clear, without reduction, and at a rate not less than one and one-

6    half times their regular rate for work performed beyond the 40 hour workweek is in violation of

7    29 U.S.C. §§ 203, 206, 207.

8         34.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA

9    within the meaning 29 U.S.C. § 255(a).

10        35.     Due to the Defendant's violations of the FLSA, Plaintiff, on behalf of the members

11    of the Nationwide FLSA Class, are entitled to recover from Defendant unpaid overtime

12    compensation, an additional amount equal as liquidated damages, reasonable attorneys' fees, and

13    costs pursuant to 29 U.S.C. § 216(b).

14                              **THIRD CAUSE OF ACTION**

15                        **Bus. & Prof. Code § 17200** *et seq.*

16        36.     Plaintiffs incorporate the allegations contained in paragraphs 1-35.

17        37.     California Labor Code § 510 and Wage Order 4-2001, 8 C.C.R. § 11040, state that

18    an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all

19    hours worked in excess of 40 per week or 8 per day. Plaintiff and the proposed class members

20    are not "exempt" because, *inter alia*, they did not and do not perform work directly related to the

21    management or general business operations of either Defendant or of Defendant's customers, they

22    are/were primarily engaged in sales and sales related activities, they are/were not paid on a salary

23    basis, and they do not spend a majority of their time on exempt tasks.

24        38.     Defendant has committed an act of unfair competition by not paying the required

25    overtime pay to Plaintiff and the members of the proposed class.

26        39.     Pursuant to California Business & Professions Code § 17203, Plaintiff requests an

27    order requiring Defendant to make restitution of all overtime wages due to him and the members

28    of the California Class in an amount to be proved at hearing.

**FOURTH CAUSE OF ACTION**

**Labor Code § 1194**

40.     Plaintiffs incorporate the allegations contained in paragraphs 1-39.

41.     California Labor Code § 510 and Wage Order 4-2001, 8 C.C.R. § 11040, state that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week or 8 per day.  Plaintiff and the proposed class members are not "exempt" because, *inter alia*, they did not and do not perform work directly related to the management or general business operations of either Defendant or of Defendant's customers, they are/were primarily engaged in sales and sales related activities, they are/were not paid on a salary basis, and they do not spend a majority of their time on exempt tasks.

42.     Defendant has violated California labor law by not paying the required overtime pay to Plaintiff and the members of the proposed class.

43.     Pursuant to California Labor Code § 1194, Plaintiff requests an order requiring Defendant to pay damages of all overtime wages due to him and the members of the California Class in an amount to be proved at hearing as well as attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**

**Bus. & Prof. Code § 17200 *et seq.***

44.     Plaintiff incorporates the allegations contained in paragraphs 1-43.

45.     California Labor Code §§ 221, 223, 400-410, 2802, and Title 8 of the California Code of Regulations, § 11040(8) as well as various California Supreme Court and appellate court decisions, generally state that an employer may not deduct from or reduce an employee's wages for the purpose of shifting the employer's ordinary cost of doing business to the employee.

46.     Plaintiff and the members of the proposed class have been forced to pay the business expenses of Defendant without reimbursement by Defendant.  These expenses include, without limitation, the cost of trading errors or "broken trades," the wages of sales assistants and other support staff, the costs associated with internal referrals of business, as well as cell phone charges and mileage.  These expenses were reasonable and necessarily incurred by plaintiff and the members of the proposed class.

47.     Defendant has committed an act of unfair competition by illegally deducting these amounts from the wages of Plaintiff and the members of the proposed class and/or failing to reimburse these amounts to Plaintiff and the members of the proposed class.

48.     Pursuant to Business & Professions Code § 17203, Plaintiff requests an order requiring Defendant to make restitution of all wage deductions and unreimbursed business expenses due to Plaintiff and the members of the California Class in an amount to be proved at hearing.

## SIXTH CAUSE OF ACTION

### Labor Code § 2802

49.     Plaintiff incorporates the allegations contained in paragraphs 1-48.

50.     California Labor Code § 2802 requires that an employer indemnify its employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.

51.     Under Section 2802, Defendant was obligated to indemnify Plaintiff and the other members of the proposed class for such expenses as the cost of broken trades, the wages of sales assistants and other support staff, the costs associated with internal referrals of business, as well as cell phone charges and mileage.  These expenses were reasonable and necessarily incurred by Plaintiff and the members of the California Class.

52.     Pursuant to Section 2802(c), Plaintiff and the members of the California Class are entitled to their reasonable attorneys' fees and costs.

## SEVENH CAUSE OF ACTION

### Labor Code § 203

53.     Plaintiff incorporates the allegations contained in paragraphs 1-52.

54.     Labor Code § 201 provides: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

55.     Labor Code § 202 provides: "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or

1    her intention to quit, in which case the employee is entitled to his or her wages at the time of

2    quitting."

3        56.    Labor Code § 203 provides: "If an employer willfully fails to pay, without

4    abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages

5    of an employee who is discharged or who quits, the wages of the employee shall continue as a

6    penalty from the due date thereof at the same rate until paid or until an action therefor is

7    commenced; but the wages shall not continue for more than 30 days."

8        57.    Plaintiff and other formerly employed Financial Advisors were discharged by

9    Defendant or voluntarily quit.  Defendant, in violation of California Labor Code §§ 201 and 202

10   *et seq.*, has a consistent and uniform policy, practice and procedure of willfully failing to timely

11   pay the wages to its former employees.  Plaintiff and other formerly employed Financial Advisors

12   not secret or absent themselves from Defendant nor refuse to accept the earned and unpaid wages

13   from Defendant.

14       58.    As a result of Defendant's violations of Labor Code §§ 201-202, Defendant is

15   liable for waiting time penalties to Plaintiff and the members of the California Class.

16                           **PRAYER FOR RELIEF**

17       WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

18       1.    For an Order certifying the proposed California Class and designating this

19             action as a class action pursuant to C.C.P § 382;

20       2.    For an Order certifying the proposed nationwide FLSA class and

21             designating this action as a collective action pursuant to 29 U.S.C. §

22             216(b);

23       3.    For an Order appointing Plaintiff and his counsel to represent the proposed

24             classes, as defined in this Complaint;

25       4.    For compensatory damages according to proof;

26       5.    For an order requiring Defendant to make restitution of all wages,

27             including overtime wages, that were illegally withheld;

28       6.    For an order requiring Defendant to make restitution of all unreimbursed

1         business related expenses that Plaintiff and the proposed class were

2         required to incur for Defendant's benefit;

3    7.      For an order requiring Defendant to make restitution of all wages that were

4         unlawfully deducted by Defendant;

5    8.      For an order requiring Defendant to provide an accounting of all wages and

6         all sums unlawfully charged back and withheld from compensation due to

7         Plaintiff and the other members of the proposed class;

8    9.      For interest according to proof;

9    10.    For penalties and liquidated damages alleged herein;

10    11.    For reasonable attorneys' fees; and,

11    12.    For such other relief the Court deems just and proper.

12 DATED: March 28, 2014           WYNNE LAW FIRM

13                             MARKUN ZUSMAN FRENIERE & COMPTON LLP

14                             DOSTART CLAPP & COVENEY, LLP

15                             By: Edward J. Wynne

16                             Attorneys for Plaintiff VLAD TSYN,

17                             individually and on behalf of all others similar situated

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Wells Fargo Advisors, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Vlad Tsyn



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED

MAR 2 8 2014

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: E. Chais, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Marin County Superior Court<br><br>3501 Civic Center Drive<br>San Rafael, CA 94903 | CASE NUMBER:<br>*(Número del Caso):* **CIV 1 4 0 1 2 0 0** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edward J. Wynne, 100 Drakes Landing Road, Suite 275, Greenbrae, CA 94904, (415) 461-6400

| | | | |
|---|---|---|---|
| DATE: **MAR 2 8 2014**<br>*(Fecha)* | Clerk, **KIM TURNER**<br>*(Secretario)* | **E. CHAIS** | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT C

COPY ○                            ○

1   Edward J. Wynne (165819)
    ewynne@wynnelawfirm.com
2   WYNNE LAW FIRM
3   100 Drakes Landing Road, Ste. 275
    Greenbrae, CA 94904
4   Telephone: (415) 461-6400
    Facsimile: (415) 461-3900
5

FILED

MAY - 5 2014
KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: R. Smith, Deputy

6   David S. Markun (108067)              James F. Clapp (145814)
    dmarkun@mzclaw.com                    jclapp@sdlaw.com
7   Jeffrey K. Compton (142969)           DOSTART CLAPP & COVENEY, LLP
    jcompton@mzclaw.com                   4370 La Jolla Village Drive, Suite 970
8   MARKUN ZUSMAN FRENIERE &              San Diego, California 92122-1253
    COMPTON LLP                           Tel:  858-623-4200
9   17383 Sunset Boulevard, Suite A380    Fax: 858-623-4299
    Pacific Palisades, California 90272
10  Telephone: (310) 454-5900
    Facsimile: (310) 454-5970
11

12  Attorneys for Plaintiff VLAD TSYN,
    individually and on behalf of all others
13  similarly situated

14          SUPERIOR COURT OF THE STATE OF CALIFORNIA

15             IN AND FOR THE COUNTY OF MARIN

16  VLAD TSYN, individually and on behalf of all    Case No. CV 1401200
    others similarly situated,
17                                                   **FIRST AMENDED CLASS ACTION**
                          Plaintiff,                 **COMPLAINT FOR:**
18  v.
19                                                   1.  **California Bus. & Prof. Code § 17200**
    WELLS FARGO ADVISORS, LLC, and Does             2.  **29 U.S.C. § 201**
20  1 through 10, inclusive,                         3.  **California Bus. & Prof. Code § 17200**
                                                     4.  **California Labor Code § 1194**
21                        Defendant.                 5.  **California Bus. & Prof. Code § 17200**
22                                                   6.  **California Labor Code §§ 221, 223,**
                                                         **400-410, 2802 and Cal. Code Reg. tit. 8,**
23                                                       **§ 11040(8)**
                                                     7.  **California Labor Code § 203**
24                                                   8.  **California Labor Code §§ 226, 1174,**
                                                         **1174.5**
25                                                   9.  **California Labor Code § 2699**
26

27

28

                          FIRST AMENDED COMPLAINT

**INTRODUCTION**

1.    Plaintiff VLAD TSYN ("Plaintiff"), by and through his attorneys, makes the following allegations upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters.

2.    Plaintiff brings this lawsuit as a California class action pursuant to California Code of Civil Procedure § 382 on behalf of current and former employees of Defendant Wells Fargo Advisors, LLC ("Wells Fargo" or "Defendant") employed as Financial Advisors, or the functional equivalent, however titled, (which position may include "Financial Consultant," "Securities Broker," "Stockbroker," "Investment Advisor," and/or "Investment Representative") (collectively referred to as "Financial Advisor") who worked in California at any time within the last four years of the filing of this complaint and who suffered damages as a result of Defendants' violations of state and federal labor laws,

3.    Plaintiff also brings this action as a nationwide collective action pursuant to the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") on behalf of current and former employees of Defendant Wells Fargo Advisors, LLC ("Wells Fargo" or "Defendant") employed as Financial Advisors, or the functional equivalent, however titled, who worked in the United States of America at any time within the last three years of the filing of this complaint and who suffered damages as a result of Defendants' violations of the FLSA.

4.    Plaintiff seeks to represent all persons who were employed in the position of "Financial Advisor" or its functional equivalent, however titled, by Defendant in the State of California within the last four years and: (1) were not paid overtime as required by law; and/or (2) were subject to unlawful deductions from pay; and/or (3) were not reimbursed for reasonable and necessary business expenses; and/or (4) did not receive accurate itemized wage statements; and/or (5) are entitled to waiting time or other penalties under California law.

5.    Plaintiff also brings this action as a Nationwide Collective Action on behalf of current and former Wells Fargo employees employed within the last three years who elect to opt-in to this action who were employed in the position of "Financial Advisor" or its functional equivalent, however titled, by Defendant in the United States of America and: (1) were not paid

1

FIRST AMENDED COMPLAINT

1   overtime as required by law; and/or (2) were subject to unlawful deductions from pay; and/or (3)

2   were not reimbursed for reasonable and necessary business expenses resulting in class members

3   not receiving their wages free and clear from unlawful deductions and not receiving their

4   statutory overtime compensation in violation of the FLSA.

5          6.       The classes that Plaintiff seeks to represent are:

6          A.  California Class:

7          All individuals employed by Defendant as a Financial Advisor, or the
           functional equivalent however titled, in California at any time from March
8          28, 2010 to the time the case is certified as a class action (the "Class
9          Period").

10         B.  Nationwide FLSA Class:

11         All individuals employed by Defendant as a Financial Advisor, or the
           functional equivalent however titled, in the United States of America at any
12         time from March 28, 2011 to the time case is certified as a collective action
13         (the "FLSA Class Period").

14
15         7.       As a result of Defendant's violation of state and federal labor law, Plaintiff and the

16  other members of the proposed classes were unlawfully under-compensated for their work and

17  damaged thereby.

18                                      **PARTIES**

19         8.       During the Class Period, Plaintiff VLAD TSYN was employed by Wells Fargo

20  Advisors, LLC as a Financial Advisor in the State of California and in this judicial district.

21         9.       For purposes of the California Collective Action, Plaintiff Tsyn consents in writing

22  to be a party to this action, pursuant to 29 U.S.C. § 216(b).

23         10.      During the Class Period, defendant Wells Fargo Advisors, LLC, was and is a

24  Delaware limited liability company that transacts business in this judicial district.

25         11.      The true names and capacities of persons or entities, whether individual, corporate,

26  associate, or otherwise, sued herein as DOES 1 through 10, inclusive, are currently unknown to

27  Plaintiff, who therefore sue Defendant by such fictitious names under Code of Civil Procedure §

28  474.  Plaintiff is informed and believes, and based thereon allege, that each of the Defendants

2

FIRST AMENDED COMPLAINT

1  designated herein as a DOE defendant is legally responsible in some manner for the unlawful acts

2  referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true

3  names and capacities of the Defendants designated hereinafter as DOES when such identities

4  become known.

5        12.    All of Plaintiff's claims stated herein are asserted against Defendant and any of its

6  owners, predecessors, successors, subsidiaries, and/or assigns.

7  **VENUE AND JURISDICTION**

8        13.    Venue is proper in this Court because a substantial part of the events or omissions

9  giving rise to Plaintiff's claims occurred in this judicial district.

10        14.    Jurisdiction is proper in this Court as the claims arise under state law and for those

11  claims arising under federal law, this Court has concurrent subject matter jurisdiction per 29

12  U.S.C. § 216(b).

13  **CLASS ALLEGATIONS**

14        15.    Plaintiff brings this action on behalf of himself and on behalf of the proposed

15  class, pursuant to California Code of Civil Procedure § 382 and 29 U.S.C. § 216(b).

16        16.    <u>Numerosity</u>.  Plaintiff is informed and believes and thereon alleges that the

17  proposed classes are so numerous that joinder is impractical.

18        17.    <u>Typicality and Adequacy</u>.  There are questions of law and fact common to Plaintiff

19  and the other members of the proposed classes; and, therefore, Plaintiff is similarly situated to the

20  other members of the proposed classes and is an adequate representative of the proposed classes.

21  Plaintiff's claims are typical of the claims of the class members.  Plaintiff suffered similar injuries

22  as that suffered by the other class members as a result of Defendant's common policies and

23  practices regarding the payment of wages.  In addition, Plaintiff will fairly and adequately protect

24  the interests of the members of the class.  Plaintiff has no interest that is adverse to the interests of

25  the other class members.  Plaintiff has retained attorneys who are competent and experienced in

26  the prosecution of wage and hour class action litigation.

27        18.    <u>Ascertainability</u>. The proposed classes are ascertainable in that their members can

28  be identified and located using information contained in Defendant's payroll and personnel

3

FIRST AMENDED COMPLAINT

CV 1401200

1   records.

2      19.   Commonality.  There are common questions of law and fact that predominate over

3   questions which may affect only individual members of the proposed classes, including but not

4   limited to, the following:

5          a.      whether the class members qualify for exempt status under the

6   commissioned salesperson exemption;

7          b.      whether the class members qualify for exempt status under the

8   administrative exemption;

9          c.      whether Defendant's business qualifies as a "retail or service

10  establishment";

11         d.      Defendant's expectations as to the duties and responsibilities of the class

12  members, and whether these expectations are reasonable under the circumstances;

13         e.      whether Defendant's policies and procedures for deducting from the

14  incentive pay or other wages was unlawful;

15         f.      whether class members incurred business related expenses that were

16  reasonably necessary and whether Defendant had a policy and practice of not reimbursing class

17  members for such expenses;

18         g.      whether Defendant's failure to pay all wages due and owing to class

19  members at time of termination was willful; and,

20         h.      whether the members of the proposed classes have been damaged and, if

21  so, the extent of such damages and whether the members of the proposed classes are entitled to

22  penalties and, if so, the extent of such penalties.

23     20.   Superiority.  A class/collective action is superior to other available means for the

24  fair and efficient adjudication of this controversy since individual joinder of all members of the

25  proposed classes is impractical.  Class action and collective action treatment will permit a large

26  number of similarly situated persons to prosecute their common claims in a single forum

27  simultaneously, efficiently, and without the unnecessary duplication of effort and expense that

28  numerous individual actions would engender.  Furthermore, as the damages suffered by each

4

FIRST AMENDED COMPLAINT

CV 1401200

1    individual member of the proposed classes may be relatively small, the expenses and burden of

2    individual litigation would make it difficult or impossible for individual members of the class to

3    redress the wrongs done to them while an important public interest will be served by addressing

4    the manner as a class action.  The cost to the court system of adjudication of such individualized

5    litigation would be substantial.   Individualized litigation would also present the potential for

6    inconsistent or contradictory judgments.

7                    **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

8            21.      Defendant sold and sells securities and other financial products with offices in the

9    State of California and in this judicial district.

10           22.      Plaintiff and other Financial Advisors were primarily engaged in sales of financial

11   products to individuals.  Plaintiff and other Financial Advisors do not and did not perform work

12   directly related to the management or general business operations of Defendant or of Defendant's

13   customers. Plaintiff and other Financial Advisors are required by Defendant to follow a specific

14   set of internal compliance guidelines and therefore are closely supervised and do not customarily

15   and regularly exercise independent judgment and discretion. Defendant paid Plaintiff and its other

16   Financial Advisors on an incentive basis without any premium for overtime pay.  Plaintiff alleges

17   on information and belief that Defendant did not pay Plaintiff and its Financial Advisors a

18   guaranteed salary free from reduction due to the quantity or quality of the work but rather a

19   recoverable draw against future commissions that failed to satisfy the salary basis test.

20           23.      Plaintiff alleges that Defendant willfully, intentionally and knowingly did not

21   provide Plaintiff and other Financial Advisors an accurate itemized statements showing all of the

22   information required pursuant to Labor Code §§ 226 and 1174 and Plaintiff and the other

23   Financial Advisors were injured thereby.

24           24.      Defendant has maintained policies and practices that required Financial Advisors

25   to subsidize the pay of Defendant's sales assistants by requiring class members to divert a portion

26   of their compensation to the sales assistants.

27           25.      Defendant has maintained policies and practices that required Financial Advisors

28   to subsidize the pay of other employees within the Wells Fargo & Company corporate family by



1   requiring class members to pay a portion of their compensation as referral fees to internally

2   generated business even though the referrals are an integral part of the job function of other bank

3   employees and even though selling financial products to the referrals is an integral part of the

4   Financial Advisors' expected employment.  In effect, Defendant forces Financial Advisors to

5   subsidize the compensation of certain employees within the Wells Fargo & Company corporate

6   family and to sell financial products to customers referred from other employees all of which

7   increases the profitability of the Defendant at the expense of the Financial Advisors.

8           26.    Defendant has maintained policies and/or practices that required Financial

9   Advisors to pay the ordinary business expenses of Defendant.  For example, Financial Advisors

10  were forced to bear the cost of trading errors or "broken trades," as well as such ordinary business

11  expenses as cell phone charges and mileage without reimbursement by Defendant.

12          27.    Plaintiff and other formerly employed Financial Advisors were not timely and

13  properly paid all of their wages at time of termination.  Plaintiff and other formerly employed

14  Financial Advisors did not absent or secret themselves from timely and properly receiving their

15  final wages at time of termination.

16                          **FIRST CAUSE OF ACTION**

17                      **Bus. & Prof. Code § 17200 *et seq.***

18          28.    Plaintiff incorporates the allegations contained in paragraphs 1-27.

19          29.    The FLSA states that an employee must be paid overtime, equal to 1.5 times the

20  employee's regular rate of pay, for all hours worked in excess of 40 per week.  Plaintiff and the

21  proposed class members are not "exempt" under the FLSA, because, *inter alia*, they did not and

22  do not perform work directly related to the management or general business operations of either

23  Defendant or of Defendant's customers, they are/were primarily engaged in sales and sales

24  related activities, they are/were not paid on a salary basis, and Defendant's business does not

25  qualify as a "retail or service establishment" under 29 U.S.C. § 207(i) and 29 C.F.R. §§ 779.316

26  and 779.317.

27          30.    Defendant has committed an act of unfair competition by not paying the required

28  overtime pay to Plaintiff and the members of the proposed class.

FIRST AMENDED COMPLAINT

CV 1401200



31.     Pursuant to California Business & Professions Code § 17203, Plaintiff requests an order requiring Defendant to make restitution of all overtime wages due to him and the members of the California Class in an amount to be proved at hearing.

## SECOND CAUSE OF ACTION

### 29 U.S.C. § 201 *et seq.*

32.     Plaintiff incorporates the allegations contained in paragraphs 1-31.

33.     At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

34.     At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each member of the class within the meaning of the FLSA.

35.     As alleged above, Defendant had a policy and practice of failing to properly pay wages, free and clear and without reduction, to its Financial Advisors. Defendant's failure to pay overtime compensation and reduction in the wages of Plaintiff and the Nationwide FLSA Class caused Plaintiff and the Class to be paid less than the statutory overtime compensation for all hours worked.

36.     Defendant's failure to pay Plaintiff and all other members of the Nationwide FLSA Class their wages free and clear, without reduction, and at a rate not less than one and one-half times their regular rate for work performed beyond the 40 hour workweek is in violation of 29 U.S.C. §§ 203, 206, 207.

37.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

38.     Due to the Defendant's violations of the FLSA, Plaintiff, on behalf of the members of the Nationwide FLSA Class, are entitled to recover from Defendant unpaid overtime compensation, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

1        **THIRD CAUSE OF ACTION**

2        **Bus. & Prof. Code § 17200** *et seq.*

3        39.    Plaintiff incorporates the allegations contained in paragraphs 1-38.

4        40.    California Labor Code § 510 and Wage Order 4-2001, 8 C.C.R. § 11040, state that

5    an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all

6    hours worked in excess of 40 per week or 8 per day.  Plaintiff and the proposed class members

7    are not "exempt" because, *inter alia*, they did not and do not perform work directly related to the

8    management or general business operations of either Defendant or of Defendant's customers, they

9    are/were primarily engaged in sales and sales related activities, they are/were not paid on a salary

10   basis, and they do not spend a majority of their time on exempt tasks.

11       41.    Defendant has committed an act of unfair competition by not paying the required

12   overtime pay to Plaintiff and the members of the proposed class.

13       42.    Pursuant to California Business & Professions Code § 17203, Plaintiff requests an

14   order requiring Defendant to make restitution of all overtime wages due to him and the members

15   of the California Class in an amount to be proved at hearing and reasonably attorney fees per CCP

16   § 1021.5.

17       **FOURTH CAUSE OF ACTION**

18       **Labor Code § 1194**

19       43.    Plaintiff incorporates the allegations contained in paragraphs 1-42.

20       44.    California Labor Code § 510 and Wage Order 4-2001, 8 C.C.R. § 11040, state that

21   an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all

22   hours worked in excess of 40 per week or 8 per day.  Plaintiff and the proposed class members

23   are not "exempt" because, *inter alia*, they did not and do not perform work directly related to the

24   management or general business operations of either Defendant or of Defendant's customers, they

25   are/were primarily engaged in sales and sales related activities, they are/were not paid on a salary

26   basis, and they do not spend a majority of their time on exempt tasks.

27       45.    Defendant has violated California labor law by not paying the required overtime

28   pay to Plaintiff and the members of the proposed class.

8

FIRST AMENDED COMPLAINT

CV 1401200



46.     Pursuant to Labor Code § 218.6, Plaintiff requests prejudgment interest on all wages from the date the wages were due and payable.

47.     Pursuant to California Labor Code §§ 218.5 and 1194, Plaintiff requests an order requiring Defendant to pay damages of all overtime wages due to him and the members of the California Class in an amount to be proved at hearing as well as attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### Bus. & Prof. Code § 17200 *et seq.*

48.     Plaintiff incorporates the allegations contained in paragraphs 1-47.

49.     California Labor Code §§ 221, 223, 400-410, 2802, and Title 8 of the California Code of Regulations, § 11040(8) as well as various California Supreme Court and appellate court decisions, generally state that an employer may not deduct from or reduce an employee's wages for the purpose of shifting the employer's ordinary cost of doing business to the employee.

50.     Plaintiff and the members of the proposed class have been forced to pay the business expenses of Defendant without reimbursement by Defendant.  These expenses include, without limitation, the cost of trading errors or "broken trades," the wages of sales assistants and other support staff, the costs associated with internal referrals of business, as well as cell phone charges and mileage.  These expenses were reasonable and necessarily incurred by Plaintiff and the members of the proposed class.

51.     Defendant has committed an act of unfair competition by illegally deducting these amounts from the wages of Plaintiff and the members of the proposed class and/or failing to reimburse these amounts to Plaintiff and the members of the proposed class.

52.     Pursuant to Business & Professions Code § 17203, Plaintiff requests an order requiring Defendant to make restitution of all wage deductions and unreimbursed business expenses due to Plaintiff and the members of the California Class in an amount to be proved at hearing.

## SIXTH CAUSE OF ACTION

### Labor Code §§ 221, 223, 400-410, 2802 and Cal. Code Reg. tit. 8, § 11040(8)

53.     Plaintiff incorporates the allegations contained in paragraphs 1-52.

9

CV 1401200



54.   Labor Code § 221 provides, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

55.   Labor Code § 223 provides: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

56.   Labor Code §§ 400-410 ("Employee Bond Law") provide the limited circumstances under which an employer can exact a cash bond from its employees.  These provisions are designed to protect employees against the very real danger of an employer taking or misappropriating employee funds held by the employer in trust.

57.   Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

58.   Title 8 of the California Code of Regulations, § 11040(8), states, "No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee."

59.   These and related statutes are designed to prevent employers from using secret deductions or other accounting practices to drive down the wage scale or pay employees less than the stated wage. They also reflect California's fundamental and substantial public policy protecting employee wages.

60.   Plaintiff and other Financial Advisors were subject to deductions from their compensation by Defendant which were not the result of dishonest, willful, or grossly negligent acts by those employees, but instead were the ordinary costs of doing business.  Plaintiff and other Financial Advisors were not reimbursed for necessary business related expenditures such as mileage and cell phone expenses.  Defendant was obligated to indemnify Plaintiff and the other members of the California Class for such expenses as the cost of broken trades, the wages of sales assistants and other support staff, the costs associated with internal referrals of business, as well as unreimbursed cell phone charges and mileage.  These expenses were reasonable and

FIRST AMENDED COMPLAINT

CV 1401200

1    necessarily incurred by Plaintiff and the members of the California Class.

2        61.    Defendant unlawfully charged and failed to reimburse its Financial Advisors in

3    violation of Labor Code §§ 221, 223, 400-410, 2802 and Cal. Code Reg. tit. 8, § 11040(8) and

4    Plaintiff and similarly situated California Class members are entitled to reimbursement for, and

5    repayment of, these deductions, plus interest and attorneys' fees and costs.

6        62.    As a result of Defendant's violations of Labor Code § 2802, Defendant is also

7    liable for attorneys' fees and costs under Labor Code § 2802(c).

8                        **SEVENTH CAUSE OF ACTION**

9                          **Labor Code § 203**

10       63.    Plaintiff incorporates the allegations contained in paragraphs 1-62.

11       64.    Labor Code § 201 provides: "If an employer discharges an employee, the wages

12   earned and unpaid at the time of discharge are due and payable immediately."

13       65.    Labor Code § 202 provides: "If an employee not having a written contract for a

14   definite period quits his or her employment, his or her wages shall become due and payable not

15   later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or

16   her intention to quit, in which case the employee is entitled to his or her wages at the time of

17   quitting."

18       66.    Labor Code § 203 provides: "If an employer willfully fails to pay, without

19   abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages

20   of an employee who is discharged or who quits, the wages of the employee shall continue as a

21   penalty from the due date thereof at the same rate until paid or until an action therefor is

22   commenced; but the wages shall not continue for more than 30 days."

23       67.    Plaintiff and other formerly employed Financial Advisors were discharged by

24   Defendant or voluntarily quit.  Defendant, in violation of California Labor Code §§ 201 and 202

25   *et seq.*, has a consistent and uniform policy, practice and procedure of willfully failing to timely

26   pay the wages to its former employees.  Plaintiff and other formerly employed Financial Advisors

27   not secret or absent themselves from Defendant nor refuse to accept the earned and unpaid wages

28   from Defendant.

68.     As a result of Defendant's violations of Labor Code §§ 201-202, Defendant is liable for waiting time penalties to Plaintiff and the members of the California Class.

### EIGHTH CAUSE OF ACTION

#### Labor Code §§ 226, 1174, and 1174.5

69.     Plaintiff incorporates the allegations contained in paragraphs 1-68.

70.     Defendant, as a matter of corporate policy did not maintain or provide accurate itemized statements in violation of Labor Code §§ 226 and 1174.

71.     For instance, Defendant did not state or did not accurately state, *inter alia*, the total hours worked, hours worked daily, all deductions, or the actual hourly rate of Plaintiff and other Financial Advisors in their pay statements.  Defendant's failure to maintain accurate itemized statements was willful, knowing, intentional, and the result of Defendant's custom, habit, pattern and practice.  Defendant's failure to maintain accurate itemized statements was not the result of isolated, sporadic or unintentional behavior.  Due to Defendant's failure to comply with the requirements of Labor Code §§ 226 and 1174, Plaintiff and other Financial Advisors were injured thereby.

72.     Such a pattern and practice as alleged herein is unlawful and creates an entitlement to recovery by Plaintiff and the class of Financial Advisors identified herein for all damages and penalties pursuant to Labor Code §§ 226 and 1174.5, including interest thereon, penalties, attorneys' fees and costs.

### NINTH CAUSE OF ACTION

#### Labor Code § 2699

73.     Plaintiff incorporates the allegations contained in paragraphs 1-72.

74.     As alleged above, Defendant failed to comply with the California Labor Code. As such, Plaintiff is an "aggrieved employee" as defined in Labor Code § 2699(a).  Pursuant to Labor Code § 2699, the Labor Code Private Attorneys General Act of 2004, Plaintiff brings this action on behalf of himself and other current and former Financial Advisors against Wells Fargo and seeks recovery of applicable civil penalties as follows:

FIRST AMENDED COMPLAINT

CV 1401200

a.  where civil penalties are specifically provided in the Labor Code for each of the violations alleged herein, Plaintiffs seek recovery of such penalties;

b.  where civil penalties are not established in the Labor Code for each of the violations alleged herein, Plaintiffs seek recovery of the penalties established in § 2699(e) of the Labor Code Private Attorneys General Act of 2004, and in accordance with § 200.5 of the Labor Code.

75.    On March 28, 2014, Plaintiff caused to be served written notice via certified mail to the Labor and Workforce Development Agency and to Defendant Wells Fargo Advisors, LLC of Plaintiff's intent to amend the complaint to add a cause of action pursuant to Labor Code § 2699 *et seq.* Included with the notice was a draft amended complaint substantially similar to this First Amended Complaint.  Plaintiff did not receive a response from the LWDA of Plaintiff's certified letter.  A copy of Plaintiff's notice without enclosure is attached hereto.

76.    Also on March 28, 2014, Defendant Wells Fargo Advisors, LCC received a filed endorsed stamped copy of the original complaint in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

1.    For an Order certifying the proposed California Class and designating this action as a class action pursuant to C.C.P § 382;

2.    For an Order certifying the proposed nationwide FLSA class and designating this action as a collective action pursuant to 29 U.S.C. § 216(b);

3.    For an Order appointing Plaintiff and his counsel to represent the proposed classes, as defined in this Complaint;

4.    For compensatory damages according to proof;

5.    For an order requiring Defendant to make restitution of all wages, including overtime wages, that were illegally withheld;

6.    For an order requiring Defendant to make restitution of all unreimbursed business related expenses that Plaintiff and the proposed class were required to incur for Defendant's benefit;

13

FIRST AMENDED COMPLAINT

CV 1401200

7.   For an order requiring Defendant to make restitution of all wages that were unlawfully deducted by Defendant;

8.   For an order requiring Defendant to provide an accounting of all wages and all sums unlawfully charged back and withheld from compensation due to Plaintiff and the other members of the proposed class;

9.   For interest according to proof;

10.   For penalties and liquidated damages alleged herein;

11.   For reasonable attorneys' fees and costs; and,

12.   For such other relief the Court deems just and proper.

DATED: May 5, 2014

WYNNE LAW FIRM
MARKUN ZUSMAN FRENIERE & COMPTON LLP
DOSTART CLAPP & COVENEY, LLP

By: Edward J. Wynne

Attorneys for Plaintiff VLAD TSYN, individually and on behalf of all others similar situated

14

FIRST AMENDED COMPLAINT

CV 1401200

# EXHIBIT D

AMENDED
# SUMMONS
*(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WELLS FARGO ADVISORS, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

VLAD TSYN



*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**

MAY - 5 2014

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: R. Smith, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Marin County Superior Court<br>3501 Civic Center Drive<br>San Rafael, CA 94903 | **CASE NUMBER:**<br>*(Número del Caso):*<br>CIV 1401200 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edward J. Wynne, 100 Drakes Landing Road, Suite 275, Greenbrae, CA 94904, (415) 461-6400

| DATE:<br>*(Fecha)* MAY - 5 2014 | Clerk, by<br>*(Secretario)* R. SMITH KIM TURNER | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL] **SEAL**

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**AMENDED SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

# EXHIBIT E

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Edward J. Wynne (165819)
WYNNE LAW FIRM
100 Drakes Landing Road, Suite 275
Greenbrae, CA 94904
TELEPHONE NO: (415) 461-6400    FAX NO: (415) 461-3900
ATTORNEY FOR *(Name):* Plaintiff, Vlad Tsyn

RECEIVED
MARIN COUNTY
SUPERIOR COURT

2014 MAR 28 P 12: 31

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Marin
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS: PO Box 4988
CITY AND ZIP CODE: San Rafael, CA 94913
BRANCH NAME:

CASE NAME:
Vlad Tsyn v. Wells Fargo Advisors, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CIV  1401200 |
| | | | JUDGE: |
| | | | DEPT:  ROY O. CHERNUS |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):*  Seven
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 28, 2014

Edward J. Wynne

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

# EXHIBIT F

**MARIN COUNTY SUPERIOR COURT**
P.O. Box 4988
San Rafael, CA 94913-4988

**☐ ☐ ☐ ☐ ☐**

**MAR 2 8 2014**

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: E. Chats, Deputy

PLAINTIFF: Vlad Tsyn

vs.

DEFENDANT: Wells Fargo
Advisors, LLC

CASE NO. CV 1401300

**NOTICE OF CASE
MANAGEMENT CONFERENCE
(CIVIL)**

This case is subject to the Trial Court Delay Reduction Act, Government Code § 68600 et seq., and Civil Rules of the Uniform Local Rules of the Marin County Superior Court (hereafter MCSC Civil Rules).

Pursuant to California Rules of Court 3.734, this case is assigned to Judge  Chernus
Department  15 . This assignment is for all purposes.

MCSC Civil Rule 1.20 and CRC 3.110(b) and 3.221(c) requires that the Summons and Complaint, a copy of this notice, a blank Case Management Conference Statement form, and an Alternative Dispute Resolution (ADR) information package be served and that Proof of Service be filed within 60 days of the filing date of this Complaint. CRC 3.110(d) requires that defendants file responsive pleadings within 30 days of service, unless the parties stipulate to an extension of not more than 15 days.

1.  IT IS ORDERED that the parties/counsel to this action shall:

    a.  Comply with the filing and service deadlines in MCSC Civil Rules 1.18 and CRC 3.110, or APPEAR
        IN PERSON at the Order to Show Cause hearing on the dates set forth below:

        Hearing on Failure to File Proof of Service     6 / 9 / 14  8:30 / 9:00 A.M.

        Hearing on Failure to Answer     7 / 8 / 14  8:30 / 9:00 A.M.

    b.  Appear for a Case Management Conference on     8 / 18 / 14  8:30 / 9:00 A.M.

2.  Telephonic appearance at Case Management Conference (CMC) may be available by contacting COURT
    CALL, an independent vendor, not less than five (5) court business days before the hearing date.  Parties
    may make arrangements by calling (888) 882-6878.  This service is subject to charges by the vendor.

3.  You must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or
    non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with
    their clients prior to attending the CMC** and should be prepared to discuss with the court their authority
    to participate in ADR.

4.  Case Management Conference Statements must be filed and served on all parties, including the court,
    at least 15 calendar days before the CMC (CRC 3.725).  **(A $49.00 sanction will be charged for late
    filing of a statement.)**

    **Case Management Conference Statement must be filed by**  8 / 1 / 14

5.  All Law and Motion matters will be heard on the calendar of the assigned Judge.  Tentative Rulings
    are available online by 2:00 p.m. on the weekday preceding the hearing date at
    *http://www.marincourt.org/civil_tentative.htm*.  If you need to make other arrangements, please call
    (415) 444-7170.

*Distribution: Original - Court File;  Canary - Plaintiff*