**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| December 11, 2015 VLAD TSYN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO ADVISORS, LLC, and DOES 1 through 10, inclusive,<br><br>    Defendant.<br>_____/ | No. 3:14-02552-LB<br><br>**DISCOVERY AND CASE-MANAGEMENT ORDER** |

This order summarizes the rulings at the December 10 case-management conference.

**1. Personal cell-phone numbers and email addresses**

Generally courts order the production of complete contact information. (*See* Joint Case-Management Conference, ECF 72[1] at 5, *citing Pippins v. KPMG LLP*, 2012 WL 19379, *14 (S.D.N.Y. Jan. 3, 2012) and *Fausto v. Cibergy Servs. Corp.*, 251 F.R.D. 427, 430 (N.D. Cal. 2008).) The court orders it here. To the extent that the defendants have only "home numbers," the court orders those numbers produced too for the reasons stated on the record. Wells Fargo argues in part that the plaintiffs' "thousands of repeated solicitations" to putative class members ought to change

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

ORDER
No. 3:14-cv-02552-LB

the outcome. That reason is not sufficiently convincing to prevent disclosure of contact information. As the plaintiffs pointed out at the hearing, that is the reason for the privacy notice.

## 2. Content of notice: Reference to earlier communications from the plaintiffs' counsel

Wells Fargo proposes – and the plaintiffs oppose as redundant and disparaging – language about the plaintiffs' counsel's prior communications with putative class members. (*See id.* at 8.) Wells Fargo argues that it is relevant and useful to tell recipients that this is the "same case" on which they may have been contacted before. (*See id.* at 10). That can be said more directly and succinctly as a standalone comment: "This is the same case on which you may have been contacted previously." Otherwise, the plaintiffs are right: the proposed language is redundant of the agreed content.

## 3. Description of the misclassification claim

The plaintiffs want to describe the misclassification claim like this: "The lawsuit claims that WFA violated California and federal law by failing to pay overtime compensation to Financial Advisors." (*Id.* at 10.) Wells Fargo wants to say this: "Plaintiff alleges that WFA violated California and federal law by not classifying its Plaintiff and other Financial Advisors as 'hourly' employees and therefore not paying them premium overtime compensation." (*Id.*) The parties' dispute in part is about the inclusion of the term "hourly" — whether this term is "inflammatory" (as the plaintiffs say) and whether the description should include it because it is necessarily part of the plaintiffs' theory of entitlement to overtime pay (as Wells Fargo says). (*Id.* at 10-12.)

The court ordered a middle-ground description, such as "The lawsuit claims that Wells Fargo violated federal and California law by misclassifying its Financial Advisors as employees who did not need to be paid overtime compensation." The point (as the plaintiffs argue) is that all workers are paid overtime unless proven exempt. So, strictly, workers are either classified (or misclassified) as *exempt*. They are not classified or misclassified as hourly or salaried. At best, the term "hourly" is superfluous; the court's description is simpler and conveys the legal context.

## 4. Contact information for counsel

Given the court's determination that the notice will state that this is the "same case" on which potential plaintiffs may have already been contacted, the parties agreed that the privacy notice will contain the contact information for both plaintiffs' and defense counsel.

**5. Motions**

The parties remain free to adjust the briefing and hearing schedules to meet their joint assessment of the case's best procedural posture. They also may file any motions on the ordinary briefing schedule.

**IT IS SO ORDERED**.

Dated: December 11, 2016

_____
LAUREL BEELER
United States Magistrate Judge

ORDER
No. 3:14-cv-02552-LB