MALCOLM A. HEINICKE (State Bar No. 194174)
malcolm.heinicke@mto.com
MARJA-LIISA OVERBECK (State Bar No. 261707)
mari.overbeck@mto.com
JEFFREY M. OSOFSKY (State Bar No. 268593)
jeff.osofsky@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:      (415) 512-4077

TERRY E. SANCHEZ (State Bar No. 101318)
terry.sanchez@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, California 90071-1560
Telephone:     (213) 683-9100
Facsimile:      (213) 687-3702

Attorneys for Defendant
WELLS FARGO ADVISORS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| VLAD TSYN, DANIEL SILBERMANN, LORI BAGWELL, and CATHERINE HORAN-WALKER individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO ADVISORS, LLC,<br><br>Defendant. | Case No. 14-cv-02552-LB<br><br>[~~PROPOSED~~] ORDER ON PLAINTIFF'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL<br><br>Judge:   Hon. Laurel Beeler<br>Crtrm.:  C |

Pursuant to Civil Local Rule 79-5, and good cause and compelling reasons appearing (*see Kamakana v. City & County of Honolulu*, 477 F.3d 1172, 1179-80 (9th Cir. 2006)), Plaintiff Vlad Tsyn's Administrative Motions to Seal Records (ECF Nos. 78, 80), filed on December 18, 2015, in conjunction with the Declaration of Edward J. Wynne (the "Wynne Declaration") (ECF No. 78-1) and the Declaration of James F. Clapp (ECF No. 80-1) are hereby **GRANTED** as follows:

Per the Declaration of Ruth Vitale (ECF No. 82), **Exhibits 8-11** to the Clapp Declaration and **Exhibits 33-34** to the Wynne Declaration contain excerpts from Wells Fargo Advisors, LLC's ("WFA") Wealth Brokerage Services Supervisory Guide.  Ms. Vitale's declaration establishes that this Supervisory Guide is proprietary and accessible to and shared with only WFA personnel, and that, if disclosed to the public generally, it would reveal the manner in which WFA endeavors to comply with its regulatory obligations and could be exploited by WFA's competitors.  Specifically, WFA's competitors would gain insight into WFA's internal business strategies and the ways in which WFA has designed its policies and practices.  As Ms. Vitale declares, the Supervisory Guide is designed for internal business purposes and is not widely circulated or available to individuals outside of WFA.  Although Plaintiff has quoted from portions of the Supervisory Guide, WFA has requested that the portions of the document not quoted remain sealed, asserting that public disclosure of the unquoted content (particularly in its entirety), created for internal use, would give third-parties insights into confidential and sensitive aspects of WFA's operations and deprive WFA of its investment in working to develop its internal policies and procedures.  *See Network Appliance, Inc. v. Sun Microsystems Inc.*, Case No. 07-06053, 2010 WL 841274, *9 (N.D. Cal. Mar. 10, 2010) (sealing "internal information regarding [defendant's] business strategies and opportunities that were not widely distributed").

Per the Declaration of Mari Overbeck (ECF No. 83), **Exhibits 13-14** and **18-19** to the Clapp Declaration contain excerpts from WFA employee emails.  Ms. Overbeck's declaration establishes that portions of these emails were redacted by WFA prior to their production to Plaintiff to protect the personal information of current and former WFA employees who have not sought to make their identities or personal information known or placed in the public record.  The

remaining (unredacted) information in these emails contains sensitive employee compensation/production data that reveals working month-to-date and year-to-date production rates—information that is not generally available to the public and that, if exposed, could reveal WFA's long-term financial projections and market position and general business strategies.  The Court likewise finds that there is good cause to seal these exhibits.  *See Nettles v. Farmers Ins. Exch.*, No. 06-5164, 2007 WL 858060, *2 (W.D. Wash. Mar. 16, 2007).

Other documents cited by Plaintiff in **Exhibit 17** to the Clapp Declaration were previously sealed by the Court (ECF No. 63), and for the reasons set forth in that prior Order, the documents comprising Exhibit 17 to the Clapp Declaration shall remain sealed.

Because the excerpts of other documents cited by Plaintiff in Exhibits 12, 15, and 16 to the Clapp Declaration do not contain confidential information (*see* Declaration of Mari Overbeck (ECF No. 83)), those excerpts shall remain unsealed and may be filed on the public record.

In sum, the exhibits to be sealed include:

- **Exhibit 8** to the Clapp Declaration, WBS Supervisory Guide excerpts (Bates WF_TSYN0011695-0011703);

- **Exhibit 9** to the Clapp Declaration, WBS Supervisory Guide excerpts (Bates WF_TSYN0011704-0011707);

- **Exhibit 10** to the Clapp Declaration, WBS Supervisory Guide excerpts (Bates WF_TSYN0011786-0011787);

- **Exhibit 11** to the Clapp Declaration, WBS Supervisory Guide excerpts (Bates WF_TSYN0011816-0011817);

- **Exhibit 13** to the Clapp Declaration, email from Daniel Hilken (Bates WF_TSYN001450);

- **Exhibit 14** to the Clapp Declaration, January 25, 2010 Email string (Bates WF_TSYN0014511-0014512);

- **Exhibit 17** to the Clapp Declaration, excerpts from the Gateway Program (Bates WF_TSYN0016816-7 and WF_TSYN0016816-10);

- **Exhibit 18** to the Clapp Declaration, email from Daniel Hilken (Bates WF_TSYN0019480);

- **Exhibit 19** to the Clapp Declaration, email from Daniel Hilken (Bates WF_TSYN0019722-0019723);

- **Exhibit 33** to the Wynne Declaration, WBS Supervisory Guide excerpts (Bates WF_TSYN0011704-0011707);

- **Exhibit 34** to the Wynne Declaration, WBS Supervisory Guide excerpts (Bates WF_TSYN0011707-11709, 11717, 11722-11724, 11728, 11735-11739, 11741-11742, 11763, 11772, 11816, 11819, 11931).

IT IS SO ORDERED.

DATED: December 23, 2015

_____
Honorable Laurel Beeler
United States Magistrate Judge

14-cv-02552-LB

[PROPOSED] ORDER ON PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL