UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| VLAD TSYN, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>WELLS FARGO ADVISORS, LLC,<br><br>  Defendant. | Case No.14-cv-02552-LB<br><br>**ORDER ALLOWING SUPPLEMENTAL BRIEF**<br><br>[Re: ECF No. 100] |

## DISCUSSION

Three substantive motions are pending in this overtime-compensation suit under the federal Fair Labor Standards Act: 1) The plaintiffs' motion to conditionally certify this suit as an FLSA collective action (ECF No. 54)[1]; 2) The defendant's motion for partial summary judgment against the FLSA claim of plaintiff Vlad Tsyn (ECF No. 70); and 3) The defendant's identical motion for partial summary judgment against the FLSA claim of plaintiff Catherine Horan-Walker (ECF No. 85). The court held a hearing on these motions on January 28, 2016. (*See* ECF No. 96.)

After that hearing, the plaintiffs filed an *ex parte* application to file a supplemental brief. (ECF No. 100.) The proposed supplemental brief was attached to that application. (ECF No. 100-2.) The

---

[1] Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of documents.

ORDER (No.3:14-cv-02552-LB)

court deemed that filing an administrative motion under Local Rule 7-11 and gave the defendant four days to respond. (ECF No. 102.) The defendant responded that same day. (ECF No. 103.)

The plaintiffs' supplemental brief is nominally directed toward the "admissibility" of the testimony of Michael Mosher, a former regional manager for Wells Fargo. So far as is relevant here, in their principal arguments, the plaintiffs submitted Mr. Mosher's testimony that the plaintiffs' "primary duty" (an operative legal term in dispute here) was selling financial products. The supplemental brief sought "to respond to [Wells Fargo's] argument" at the hearing that Mr. Mosher's testimony "about [the] Plaintiffs' primary duty must be disregarded because it is a 'legal conclusion.'" (ECF No. 100-2 at 3.) The plaintiffs contend that the hearing was the first time that Wells Fargo had made this argument, and that they (the plaintiffs) had not had an adequate chance to respond to the point. (Wynne Decl. – ECF No. 101 at 2 [¶ 3].) The supplemental brief goes on to discuss (what the plaintiffs contend are) the legal effects of Mr. Mosher's testimony. In the latter respect, the plaintiffs also touch upon the proper level of deference to be shown to the Department of Labor's 2006 Opinion Letter, which has figured into the parties' analyses. (ECF No. 100-2 at 5.)

The court grants the motion to file the supplemental brief. The court has considered that brief and the defendant's response. The court would make two points.

First, the court did not understand Wells Fargo to be challenging the *admissibility* of Mr. Mosher's testimony. Rather, Wells Fargo argued (in sum) that Mr. Mosher's "primary duty" opinion was, yes, a legal conclusion, but more fundamentally, a characterization. More basically still — again, at least as the court understood matters — Wells Fargo was arguing that Mr. Mosher's opinion could not supplant the court's obligation to review the evidence and reach its own conclusion. The court had reached much the same conclusion on its own, and had made that basic observation part of its analysis, even before the summary-judgment hearing. The court has considered Mr. Mosher's testimony. Its handling of this manager's statements will be reflected in its forthcoming order.

1    Second, the court believes that it has applied the correct degree of deference to the Department

2 of Labor's informal interpretations of its governing regulations — including the 2006 Opinion

3 Letter. *See Bassiri v. Xerox Corp.*, 463 F.3d 927, 930-33 (9th Cir. 2006).

4    **IT IS SO ORDERED.**

5    Dated: February 16, 2016

_____
LAUREL BEELER
United States Magistrate Judge