UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| VLAD TSYN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WELLS FARGO ADVISORS, LLC,<br><br>    Defendant. | Case No.14-cv-02552-LB<br><br>**ORDER DENYING INTERLOCUTORY APPEAL**<br><br>[Re: ECF No. 106] |

## INTRODUCTION

This is an overtime-pay case under the federal Fair Labor Standards Act ("FLSA") and counterpart California laws. (ECF No. 29.)[1] The plaintiffs work or have worked for defendant Wells Fargo Advisors as licensed financial advisors. They claim that Wells Fargo misclassified them as exempt from the overtime-pay mandate of the FLSA and similar California laws and so failed to pay them requisite compensation. (*See generally id.*) The court recently granted the defendant summary judgment against the FLSA claims of plaintiffs Vlad Tsyn and Catherine Horan-Walker and dismissed those claims with prejudice. (ECF No. 105.) Other plaintiffs' FLSA claims have not yet come before the court for disposition. Other claims remain pending, too, for

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER (No. 14-cv-02552-LB)

all plaintiffs, including overtime-pay claims under California state law. (*See, e.g.,* ECF No. 29 at 9-11 [¶¶ 40-48].) The latter claims are based on the same facts as the dismissed FLSA claim. (*See id.* at 6 [¶¶ 21-22].)

The plaintiffs now move the court to permit them to take an interlocutory appeal of the summary-judgment order under Federal Rule of Civil Procedure 54(b) or 28 U.S.C. § 1292(b). (ECF No. 106.) The defendant opposes that motion. (ECF No. 109.) This matter can be decided without oral argument. Civil L.R. 7-1(b). The court denies the plaintiffs' motion. *See Jewel v. Nat'l Sec. Agency*, 810 F.3d 622 (9th Cir. 2015) (Rule 54(b)); *Wood v. GCC Bend, LLC*, 422 F.3d 873 (9th Cir. 2005) (same); *Getz v. Boeing Co.*, No. C 07-06396 CW, 2009 WL 3765506 (N.D. Cal. June 16, 2009) (§ 1292(b)).

## ANALYSIS

**1. Rule 54(b)**

**1.1 Basic standard**

It is a "foundational rule" that appeals normally lie only from "final" judgments. *E.g., Jewel*, 810 F.3d at 627. "[A]n order granting partial summary judgment is usually not an appealable final order . . . because it does not dispose of all of the claims" in a suit. *Id.* (quoting *Am. States Ins. Co. v. Dastar Corp.,* 318 F.3d 881, 884 (9th Cir. 2003) (citing 28 U.S.C. § 1291)). An "important exception," *Jewel*, 810 F.3d at 627, to the rule of finality lies in Rule 54(b), which in part provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). This rule "was adopted 'specifically to avoid the possible injustice of delay[ing] judgment o[n] a *distinctly separate* claim [pending] adjudication of the entire case. . . . The Rule thus aimed to augment, not diminish, appeal opportunity.'" *Jewel*, 810 F.3d at 628 (quoting *Gelboim v. Bk. of Am. Corp.,* 135 S.Ct. 897, 902-03 (2015) (citations omitted) (emphasis added). The Supreme Court has "eschewed setting narrow guidelines for district courts to follow" in weighing Rule 54(b) certification. *Wood*, 422 F.3d at 878 n. 2. It has nevertheless "put some

ORDER (No. 14-cv-02552-LB)  2

1  meat on this bare-bones rule," *Jewel*, 810 F.3d at 628, and (shifting metaphors) has "shed light on
2  the factors that may inform a judge's [Rule 54(b)] decision," *Wood*, 422 F.3d at 878 n. 2. The main
3  concern is "to prevent piecemeal appeals in cases which should be reviewed only as single units."
4  *Jewel*, 810 F.3d at 628 (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980)).
5  The Rule 54(b) inquiry thus focuses on the "interrelationship" of the adjudicated claims (those
6  proposed for interlocutory appeal) and those that remain pending; the court should ask "whether
7  the nature of the claim [is] such that no appellate court would have to decide the same issues more
8  than once." *Wood*, 422 F.3d at 878 n. 2 (discussing *Curtiss-Wright*).

"Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely." *Curtiss-Wright*, 446 U.S. at 10 (quoted in *Wood*, 422 F.3d at 879). To the contrary: "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). Informed by such concerns, the Rule 54(b) decision finally rests in the trial court's discretion. *E.g., Jewel*, 810 F.3d at 628 (quoting *Curtiss-Wright*, 446 U.S. at 10).

**1.2 Discussion**

The court denies the plaintiffs' Rule 54(b) motion on the authority of the Ninth Circuit's decisions in *Jewel* and *Wood*. The first and maybe most compelling consideration is that the dismissed FLSA claim "overlaps" almost entirely with the pending California state-law overtime claims. The factual overlap between these claims is complete; the legal overlap only slightly less so. Factually, the FLSA and the California overtime claims both grow from the same work that the plaintiffs did for Wells Fargo; the plaintiffs' complaint indeed grounds both the federal and state claims in "factual allegations common to all counts." (ECF No. 29 at 6 [¶¶ 21-22].) The Ninth Circuit has held that where federal and state-law claims "aris[e] out" of the same conduct, the state-law claims "represent only alternate legal theories based on a set of facts common to the federal claim. As such, they do not constitute separate 'claims' for which certification under Fed.

ORDER (No. 14-cv-02552-LB)   3

R. Civ. P. 54(b) is appropriate." *Hasbrouck v. Sheet Metal Workers Local 232*, 586 F.2d 691, 694 (9th Cir. 1978) (citing *CMAX Inc. v. Drewry Photocolor Corp.*, 295 F.2d 695, 697 (9th Cir. 1961)). Legally, the relevant California labor regulations expressly incorporate FLSA exemption rules — including those specific rules (like 29 C.F.R. § 541.203) at issue here. *See* Cal. Code Regs. § 11040(1)(A)(2)(f). To the extent that California regulations differ from the federal rules, the differences are too few and too minor to render the dismissed FLSA claim "distinctly separate" from the still-pending state-law claims for purposes of Rule 54(b).

As in *Wood*, the factual issues underlying the dismissed FLSA and the pending California claims "overlap entirely — not just substantially." *Wood*, 422 F.3d at 882. "The greater the overlap the greater the chance that [the appellate] court will have to revisit the same facts — spun only slightly differently — in successive appeals." *Id.* "In these circumstances, the guiding principle is that '[a] similarity of legal or factual issues will weigh heavily against entry of judgment under'" Rule 54(b). *Id.* (quoting *Morrison–Knudsen,* 655 F.2d at 965). "A final complication is that not all of the parties [would be] included in this [proposed appeal], nor [would the proposed] appeal resolve all of the [appealing] plaintiffs' claims." *Jewel*, 810 F.3d at 630. "It will be a rare case where Rule 54(b) can appropriately be applied when the contestants on appeal remain, simultaneously, contestants below." *Id.* (quoting *Spiegel v. Trs. of Tufts College*, 843 F.2d 38, 44 (1st Cir. 1988)).

The plaintiffs contend that denying a Rule 54(b) judgment would prejudice absent members of the putative plaintiff class because, with no FLSA collective action currently certified in this case, the statute of limitations will continue to run against, and may eventually extinguish, absent plaintiffs' claims. (ECF No. 106-1 at 12.) The Ninth Circuit and several district courts have rejected this or similar arguments as justifications for interlocutory appeal. *See, e.g., McElmurry v. U.S. Bk. Nat'l Ass'n*, 495 F.3d 1136, 1140-41 (9th Cir. 2007); *Neff v. U.S. Express, Inc.*, 2013 WL 5947177 (S.D. Ohio Nov. 6, 2013); *O'Donnell v. Robert Half Int'l, Inc.*, 534 F. Supp. 2d 173, 181 (D. Mass. 2008).

The plaintiffs' discussion mostly restates their disagreement with the court's summary-judgment decision. The plaintiffs simply recast that disagreement in the language of Rule 54(b)

ORDER (No. 14-cv-02552-LB) 4

and § 1292(b). If that approach carried the day, then interlocutory appeal would not be "unusual" but routine in every case in which one side disagreed with a court's dispositive order. (And is there any other kind of case?) The court respects the plaintiffs' right to disagree. And the Ninth Circuit may ultimately decide that the plaintiffs have the better analysis. But that does not justify sending a piece of this lawsuit to the appellate court now. The plaintiffs' FLSA claim is not sufficiently distinct from the claims that remain pending to warrant a Rule 54(b) judgment. The court sees no reason that this case should not proceed along the usual track: coming to a true final judgment and then going up to the Ninth Circuit as a "single unit."

### 2.  28 U.S.C. § 1292(b)

#### 2.1 Basic standard

Section 1292(b) "provides a means for litigants to bring an immediate appeal of a non-dispositive order with the consent of both the district court and the court of appeals." *Sateriale v. RJ Reynolds Tobacco Co.*, No. 2:09-CV-08394-CAS, 2015 WL 3767424, *2 (C.D. Cal. June 17, 2015) (citing 28 U.S.C. § 1292(b) and *In re Cement Antitrust Litig.,* 673 F.2d 1020, 1026 (9th Cir. 1982)). "The district court may certify an order for interlocutory appellate review under Section 1292(b) if each of the following three requirements are met: '(1) there is a controlling question of law, (2) there are substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation.'" *Sateriale*, 2015 WL 3767424 at *2 (citing *Cement Antitrust*, 373 F.2d at 1026 and 28 U.S.C. § 1292(b)).

"[T]he legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Cement Antitrust,* 673 F.2d at 1026 (citing *United States Rubber Co. v. Wright,* 359 F.2d 784, 785 (9th Cir. 1966)). Section 1292(b) embodies a "narrow exception to the final judgment rule." *Couch v. Telescope Inc.,* 611 F.3d 629, 633 (9th Cir. 2010). "The party seeking certification has the burden of showing that exceptional circumstances justify a departure from the 'basic policy of postponing appellate review until after the entry of a final judgment.'" *Fukuda v. County of Los Angeles,* 630 F. Supp. 228, 299 (C.D. Cal. 1986) (citing *Coopers &*

*Lybrand v. Livesay,* 437 U.S. 463, 475 (1978)). Even where the statutory criteria of § 1292(b) are met, the district court "retains discretion to deny permission for interlocutory appeal." *Kuzinski v. Schering Corp.*, 614 F. Supp. 2d 247, 249 (D. Conn. 2009); *see, e.g., Swint v. Chambers County Comm'n,* 514 U.S. 35, 47 (1995) ("[D]istrict courts [have] first[-]line discretion to allow interlocutory appeals" under § 1292(b).).

**2.2 Discussion**

This is not an "exceptional" case appropriate for § 1292(b) certification. First, it is not certain that § 1292(b) is the correct vehicle for the sort of interlocutory appeal that the plaintiffs request. The court recognizes that appeals from partial summary judgments — which seem the paradigmatic Rule 54(b) target — have sometimes been allowed under § 1292(b). *See Klem v. County of Santa Clara, Cal.*, 208 F.3d 1085 (9th Cir. 2000) (accepting § 1292(b) appeal from summary judgment on FLSA claims). Strictly speaking, though, "[t]he two procedures apply to different situations." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n. 6 (9th Cir. 2002). "Rule 54(b) applies where the district court has entered a final judgment as to particular claims or parties, yet that judgment is not immediately appealable because other issues in the case remain unresolved." *Id.* "By contrast, section 1292(b) addresses the situation where a party wishes to appeal an interlocutory order, such as pertaining to discovery, denying summary judgment, denying a motion to remand, or decertifying a class." *Id.* (internal citations omitted). The summary judgment in this case thus seems suited for appeal (if at all) through Rule 54(b) — not § 1292(b). Having come up short under Rule 54(b), it is not clear that the plaintiffs can simply turn to § 1292(b) as a viable alternative.

In any event, this case does not warrant an interlocutory § 1292(b) appeal. The essence of the plaintiffs' § 1292(b) argument — though framed in the requisite language of the statute ("controlling question of law," "substantial grounds for difference of opinion") — simply takes issue with the court's summary-judgment holding. Beyond that, the plaintiffs do not show that this is the sort of "exceptional" case that should be reviewed now, rather than follow the normal course of full disposition and unitary appeal. The plaintiffs point repeatedly to *In re RBC Dain Rauscher*

*Overtime Litig.*, 703 F. Supp. 2d 910 (D. Minn. 2010). They contend (in sum) that the decision reached in that case (denying an employer's summary-judgment motion against an FLSA overtime claim) shows that there are disputed legal questions that should be sent to the Ninth Circuit now through § 1292(b). This court has explained why it does not believe that *RBC* required denying Wells Fargo's summary-judgment motion. (ECF No. 105 at 24, 27-29.) Furthermore, it would not warrant a § 1292(b) appeal simply because another district court reached a different decision in a broadly similar case. *See Couch*, 611 F.3d at 633 ("[J]ust because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal."); *Spears v. Wash. Mut. Bk. FA*, No. 08-00868, 2010 WL 54755, *3 (N.D. Cal. Jan. 8, 2010) ("[T]hat one district court came to a different conclusion on the same issue is insufficient to establish a substantial ground for difference of opinion.") (citing *Cement Antitrust,* 673 F.2d at 1026); *Getz*, 2009 WL 3765506 at *3 ("[T]hat other district courts have interpreted [a particular case] in the manner advocated by Defendants does not provide a substantial ground for difference of opinion on controlling questions of law.") (internal citations omitted).

The underlying concerns about piecemeal appeals dissuade the court from sending this one claim to the Ninth Circuit under § 1292(b). The plaintiffs have not shown that this case warrants that "exceptional" treatment.

## CONCLUSION

The plaintiffs' motion for an interlocutory appeal under Fed. R. Civ. P. 54(b) or 28 U.S.C. § 1292(b) is denied.

This disposes of ECF No. 106.

**IT IS SO ORDERED.**

Dated: April 29, 2016

LAUREL BEELER
United States Magistrate Judge

ORDER (No. 14-cv-02552-LB)            7