United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

VLAD TSYN, et al.,

          Plaintiffs,

    v.

WELLS FARGO ADVISORS, LLC,

          Defendant.

Case No.  14-cv-02552-LB

**ORDER DENYING
RECONSIDERATION**

[Re: ECF Nos. 125, 126]

## INTRODUCTION

    This is an overtime-pay case under the federal Fair Labor Standards Act ("FLSA") and counterpart California laws. (4th Am. Compl. – ECF No. 128.)[1] The plaintiffs work or have worked for defendant Wells Fargo Advisors as licensed financial advisors. They claim that Wells Fargo misclassified them as exempt from the overtime-pay mandate of the FLSA and similar California laws and so failed to pay them requisite compensation. Beyond their overtime claim, the plaintiffs also sue for wrongful deductions from their pay, failure to timely pay wages that were due when their employment ended, and other related theories. (*E.g., id.* at 11-14 [¶¶ 45-65].) All the plaintiffs' claims arise from their work at Wells Fargo. (*See, e.g., id.* at 7-9 [¶¶ 26-33].) The court previously granted Wells Fargo summary judgment against the FLSA claims of

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

plaintiffs Vlad Tsyn and Catherine Horan-Walker and dismissed those claims with prejudice. (ECF No. 105.) Other plaintiffs' FLSA claims have not yet come before the court for disposition.

The plaintiffs then moved the court to certify its summary-judgment order for interlocutory appeal under 28 U.S.C. § 1292 or Federal Rule of Civil Procedure 54(b). (ECF No. 106.) The court denied that motion. (ECF No. 120.) The court's driving reason was that the dismissed FLSA claim overlapped completely with the plaintiffs' effectively identical overtime-pay claims under California law — claims that were then still pending. (*See id., passim.*)

The plaintiffs have since filed a Fourth Amended Complaint that omits the California-law overtime claims but that otherwise continues to advance numerous federal- and state-law theories based upon their employment at Wells Fargo. (ECF No. 128.) The plaintiffs now move the court to reconsider and vacate its previous Rule 54(b) order, and under that rule to certify its FLSA summary judgment for immediate appeal. (ECF Nos. 125, 126.) The court held a hearing on this motion on June 23, 2016. For the reasons given below, the court denies the plaintiffs' motion.

## GOVERNING LAW

### 1. Reconsideration

The court accepts that, in these circumstances, the plaintiffs' dismissing their overlapping California overtime claims constitutes the "emergence of new material facts" for purposes of Civil Local Rule 7-9(b)(2). Even if it did not, however, the court could still entertain the reconsideration motion. Local Rule 7-9 sets demands that *litigants* must meet to seek reconsideration of interlocutory decisions. *See* Civil L.R. 7-9(a)-(c). That rule does not restrict the *court's* ability to revisit its previous orders. It is rudimentary that, for as long as it has jurisdiction of a case, a trial court has the "inherent . . . power" to "reconsider, rescind, or modify" its interlocutory decisions. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (emphasis removed); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Moreover, "[a] district court may reconsider and reverse a previous interlocutory decision for any reason it deems sufficient, even in the absence of new evidence or an intervening

United States District Court
Northern District of California

change in or clarification of controlling law." *Abada v. Charles Schwab & Co.,* 127 F. Supp. 2d 1101, 1102 (S.D. Cal. 2000). The district court may *sua sponte* reconsider a Rule 54(b) ruling. *See Santa Monica Baykeeper*, 254 F.3d at 886.

### 2.   Rule 54(b)

Rule 54(b) provides a device for parties to seek interlocutory review of orders that are not truly "final" because they "do[] not dispose of all of the claims" in a suit. *See generally, e.g., Jewel v. Nat'l Sec. Agency,* 810 F.3d 622, 627-28 (9th Cir. 2015). A two-step process guides the Rule 54(b) analysis. "A district court must first determine that it has rendered a 'final judgment,' that is, a judgment that is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Wood v. GCC Bend, LLC,* 422 F.3d 873, 878 (9th Cir. 2005) (quoting *Curtiss–Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 7 (1980)) (further quotation omitted). "Then it must determine whether there is any just reason for delay." *Wood,* 422 F.3d at 878. The latter determination should consider: (1) the interrelationship of the certified claims and the remaining claims in light of the policy against piecemeal review; and (2) equitable factors such as prejudice and delay. *See Curtiss-Wright,* 446 U.S. at 8-10; *Gregorian v. Izvestia*, 871 F.2d 1515, 1518-20 (9th Cir. 1989).

Rule 54(b) "was adopted 'specifically to avoid the possible injustice of delay[ing] judgment o[n] a distinctly separate claim [pending] adjudication of the entire case. . . . The Rule thus aimed to augment, not diminish, appeal opportunity." *Jewel,* 810 F.3d at 628 (quoting *Gelboim v. Bank of Am. Corp.,* 135 S. Ct. 897, 902-03 (2015)). The Ninth Circuit has indicated in this vein that the modern trend is toward permitting Rule 54(b) certification, or, more exactly, "toward greater deference to a district court's decision to certify under Rule 54(b)." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991). That court has also called the "unusual case" and "pressing needs" limitations of *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962 (1981) "outdated and overly restrictive." *Ponsoldt*, 939 F.2d at 798.[2] This assessment is consistent with the Supreme Court's

---

[2] The court's previous Rule 54(b) order cited *Morrison-Knudsen* for the language that *Ponsoldt* disavowed. (ECF No. 120 at 3.) The engine of the court's earlier decision, though, was the complete

United States District Court
Northern District of California

1  disavowal of early guidance (from a 1946 Advisory Committee note) that confined Rule 54(b)

2  certification to the "infrequent harsh case." *See Curtiss-Wright*, 446 U.S. at 10.[3] Under this more

3  lenient view, certified claims "do not have to be separate from and independent of the remaining

4  claims" if a Rule 54(b) appeal will aid the "expeditious decision" of the case. *Ponsoldt*, 939 F.2d

5  at 797 (quoting *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987)

6  ("expeditious")).

7     The rule is nevertheless applied "to prevent piecemeal appeals in cases which should be

8  reviewed only as single units." *Jewel*, 810 F.3d at 628 (quoting *Curtiss–Wright*, 446 U.S. at 10).

9  The main concern will normally be to adopt the approach that most efficiently disposes of a

10  lawsuit. "It is left to the sound judicial discretion of the district court to determine the 'appropriate

11  time' when each final decision in a multiple claims action is ready for appeal. This discretion is to

12  be exercised 'in the interest of sound judicial administration.'" *Id.* (quoting *Curtiss-Wright*, 446

13  U.S. at 7) (quoting in turn *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956); *see also*

14  *Jewel*, 810 F.3d at 628 ("juridical concerns" regarding piecemeal appeals are reviewed *de novo*;

15  otherwise, "discretionary judgment of the district court should be given substantial deference").

16

17                                   **ANALYSIS**

18     The dismissal of the FLSA claim is "final" for purposes of Rule 54(b). It is not the "partial

19  adjudication of a single claim." *Ariz. Carpenters Pension Trust Fund v. Miller*, 938 F.2d 1038,

20  1039-40 (9th Cir. 1991) (quoting *Sussex Drug Prods. v. Kanasco, Ltd.*, 920 F.2d 1150, 1154 (3d

21  Cir. 1990)). It is instead "a 'judgment' in the sense that it is a decision upon a cognizable claim for

22  relief, and . . . 'final' in the sense that it is 'an ultimate disposition of an individual claim entered

23  in the course of a multiple claims action.'" *Curtiss-Wright*, 446 U.S. at 7 (quoting *Mackey*, 351

24

25  overlap between the dismissed FLSA claim and the effectively identical overtime-pay claims under
    California state law. Even without *Morrison-Knudsen's* "unusual case" and "pressing needs"

26  limitations, the court would have denied the first iteration of the Rule 54(b) motion.

27  [3] Of the 1946 "misinterpretation," the *Curtiss-Wright* Court wrote: "However accurate it may be as a
    description of cases qualifying for Rule 54(b) treatment, the phrase 'infrequent harsh case' in isolation

28  is neither workable nor entirely reliable as a benchmark for appellate review. There is no indication it
    was ever intended by the drafters to function as such." 446 U.S. at 10.

1    U.S. at 436). The decision thus meets the first prong of the Rule 54(b) test.

2         Considerations of "sound judicial administration," however, continue to convince the court

3    that this suit is best tried to a full conclusion in this forum and then sent to the Ninth Circuit as a

4    "single unit[]." *See Jewel*, 810 F.3d at 628; *Curtiss–Wright,* 446 U.S. at 10.

5         The FLSA exemption plays a role in at least some of the remaining claims. The dismissed and

6    the pending claims, in other words, "interrelat[e]" and "overlap." The parties differ in their

7    assessments of how significant is that interrelationship, and they disagree over whether that

8    overlap permits or prevents an immediate appeal, but there is no dispute that some remaining

9    claims are affected to some degree by the court's decision that plaintiffs Tsyn and Horan-Walker

10   are exempt from the FLSA's overtime-pay mandate.

11        A basic and not inconsequential overlap lies in the fact that all the claims in the Fourth

12   Amended Complaint spring from what the plaintiffs themselves call "Factual Allegations

13   Common to All Counts." (ECF No. at 7-9 [¶¶ 26-33].) Were *any* pending claim to follow the

14   dismissed FLSA claim to the Ninth Circuit in a further appeal, then, that return trip would require

15   the appeals court to "refamiliariz[e]" itself with this lawsuit. *See Cheng v. Comm'r*, 878 F.2d 306,

16   310 (9th Cir. 1989) (order was not "final" under 28 U.S.C. § 1291 where subsequent appeals

17   would demand appellate court's "repeated refamiliarization with the case"); *Wood*, 422 F.3d at

18   882 ("We cannot afford the luxury of reviewing the same set of facts in a routine case more than

19   once without a seriously important reason.").

20        Legally, too, the FLSA exemption decision intersects pending claims. For example, the Fifth

21   Cause of Action seeks penalties under California Labor Code § 203 for Wells Fargo's alleged

22   failure to pay all due wages promptly upon an employee's termination. (4th Am. Compl. – ECF

23   No. 128 at 13-14.) As both parties seem to agree, however, Wells Fargo would not be liable for a

24   § 203 violation if it has a good-faith defense to the plaintiffs' underlying wage claim. *See Amaral

25   v. Cintas Corp. No. 2*, 164 Cal. App. 4th 1157, 1202 (2008). Were the Ninth Circuit later asked to

26   review the § 203 claim, then, it would have to assess perhaps the whole of Wells Fargo's

27   exemption defense, or, at least, some abstract of that defense sufficient to decide whether it was

28   asserted in good faith.

United States District Court
Northern District of California

A second point of continued overlap lies in the Fourth Cause of Action. The plaintiffs there claim that Wells Fargo wrongfully deducted from their pay "ordinary business expenses" that the employer should have borne. (4AC – ECF No. 128 at 12-13.) This claim is partly advanced under § 11040(8) of the California Code of Regulations. (*See* 4AC – ECF No. 128 at 12-13 [¶¶ 55, 58].) But that regulation expressly does "not apply to persons employed in administrative, executive, or professional capacities" — in a word, to employees who are FLSA exempt. *See* 8 Cal. Code Regs. § 11040(1)(A). The court recognizes that this wrongful-deduction claims is also lodged under California statutes to which the FLSA exemption is irrelevant. Nevertheless, the § 11040(8) claim remains in the complaint and cannot be simply disregarded. There is overlap among the plaintiffs' claims, and there is separation; in the end, though, there can be no real dispute that the dismissed FLSA claim and the still pending claims, "stem[] largely from the same set of facts and would give rise to successive appeals that would turn largely on identical, and interrelated, facts." *Jewel*, 810 F.3d at 630 (quoting *Wood*, 422 F.3d at 880).

The final decision depends, as it must, upon the needs of "sound judicial administration." There is no clear superiority to sending this case to the Ninth Circuit now — nor any especial detriment to the parties from proceeding to address the remaining claims in this court. Having decided the central FLSA claim, it is at least as efficient to play out the consequences of that decision here, and then send this lawsuit to the Ninth Circuit as a single unit, as it is to send one piece of this suit for immediate appellate review now. The court thinks it likely that "interlocutory appeal would only prolong final resolution of [this] case." *See Jewel*, 810 F.3d at 625. Working through this whole suit in the usual fashion, before launching an appeal, may prove to be more efficient. There is moreover no "seriously important reason" to burden the Ninth Circuit with repeated trips across the terrain of this case. *See, e.g., Wood,* 422 F.3d at 882. Playing out this case fully in district court saves the litigants from contesting simultaneously in two forums. *See Jewel*, 810 F.3d at 625 ("It will be a rare case where Rule 54(b) can appropriately be applied when the contestants on appeal remain, simultaneously, contestants below."); *Wang v. Asset Acceptance, LLC*, 2010 WL 4321565, *4 (N.D. Cal. Nov. 1, 2010) ("[A]n interlocutory appeal will likely delay and complicate this case, and require the parties to litigate in two forums."). And denying Rule

United States District Court
Northern District of California

1  54(b) certification hews to the strong judicial preference for unitary appeals, for truly final

2  judgments, and for the efficient use of judicial resources that the preference embodies.

3

4                                    **CONCLUSION**

5       For these reasons, the court denies the plaintiffs' motion for reconsideration. The court sets a

6  case-management conference for July 21, 2016 at 11a.m. The court directs the parties to file a

7  joint proposal by July 14, 2016 as how to best manage this case going forward.

8       This disposes of ECF Nos. 125 and 126.

9       **IT IS SO ORDERED.**

10      Dated: June 27, 2016

11                                                          _____

12                                                          LAUREL BEELER
                                                            United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California